UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON CALDERON,<br><br>                          Plaintiff,<br><br>         -against-<br><br>SAUL YEBRIAL PINEDA CARMONA;<br>FUNDACION MONTERIA DIVERSA;<br>STATE OF NY,<br><br>                          Defendants. | 22-CV-4241 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking both the Court's federal question and diversity jurisdiction. He sues three defendants: the State of New York; "Fundacion Monteria Diversa," a non-governmental organization (NGO) that he indicates is incorporated in "Columbia" with its principal place of business in Bronx County, New York; and an individual domiciled in New York, whom he describes as a "crystal methamphetamine dealer and scam artist." Plaintiff contends that Defendants are "filing false claims against" him, and he therefore seeks to bring this suit as a sealed action under the False Claims Act (FCA), 31 U.S.C. § 3729.

By order dated May 27, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court denies Plaintiff's request to file this action under seal and dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's claims arose in Bronx County, New York, beginning in August 2021. (ECF 2 at 6.) He alleges the following:

> Saul was a guest in my home asked if he can live there from Columbia was rude and thrown out. Saul was asked to forward my mail to me in Mexico as I was deceived and lured there to become a victim of human trafficking by [Saul] and

> his associates. I needed my accounts to escape. He began to steal my mail and use accounts as if it were his. Fraudulent transactions of my government benefits totaled $2900. His theft left me stranded for months and in danger. I was kidnapped & held 15 days by their organization. Upon return to NY, I immediately noticed some of the very same people from Mexico coming & going at his house 1 block behind mine in NYC. He stole mail & corresponded as me. ID's, [public assistance]. Then in retaliation or preemptively filed false claims against me with the D.O.L., holding $7-9000 pending investigation, social svcs resulting in 10,000 unpaid rents & pending investigations on [public assistance] benefits.
> When I attempt to collect the debt, he threatens and calls the police as harassment. Suspect is using his diplomatic and government friends & associates to commit fraud & false claims at a time when average citizens cannot get any service from police at all.

(*Id.*)[1]

Plaintiff contends that "they are the ones committing fraud against me and the State by used of credit card EBT skimmers, mail fraud, and using prepaid services and protection contracts to blame others." (*Id.* at 2.)

Plaintiff further alleges that:

> [Defendant Carmona] has become very violent & irrational and has progressed to sale of phycadlic mescaline crystal methamphetamines and pills & fentanyl, has sex parties and is injecting the meth with the windows wide open. . . .Weapons are presented along with armed & dangerous associates. An undercover law enforcement agent is always stationed in front of building in unmarked car, ready for problems and available on demand to shuttle them around as private Uber.

(*Id.* at 6.)

Plaintiff seeks "2,900 treble damages, exoneration from false claims, . . . [an] order of protection," "relocation to a safe house," and Defendant Carmona's "quick removal from the Country." (*Id.*)

---

[1] All spelling and punctuation in quoted material is from the original, unless otherwise noted.

3

## DISCUSSION

A.  **False Claims Act**

Plaintiff brings this action under the FCA, which imposes civil liability on any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). The federal government, or a private person (known as a "relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

In *qui tam* actions under the FCA, "relators have standing to sue not as agents of the United States, but as partial-assignees of the United States' claim to recovery." *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (citing *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000)). The United States "remains the real party in interest." *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008). Although a *qui tam* action is litigated by the relator, it is not the relator's own case nor one in which the relator has "an interest personal to him." *Id.* (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

In order to proceed *pro se*, "[a] person must be litigating an interest personal to him." *Iannaccone*, 142 F.3d at 558. Authorization to proceed *pro se* in federal court is set forth in 28 U.S.C. § 1654, which provides that "parties may plead and conduct their own cases personally or by counsel." Because a litigant can proceed *pro se* only when bringing his own case, and a *qui tam* action under the FCA is brought for and in the name of the United States, which remains the real party in interest, a litigant cannot pursue such an action *pro se*. *See Flaherty*, 540 F.3d at 93 ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that

4

they are not entitled to proceed pro se. . . . 28 U.S.C. § 1654."). Plaintiff therefore cannot proceed *pro se* under the FCA.[2]

Moreover, the gravamen of Plaintiff's claim under the FCA is that Defendants have "committed fraud against [him] and the State" (ECF 2 at 2), including the New York State Department of Labor. An FCA claim must involve fraud against the federal government, not the state government or an individual, and Plaintiff's claim under the FCA is therefore be dismissed without prejudice.

Plaintiff does mention in passing that, among many other things, Defendant Calderon "is also engaged in [M]edicaid fraud and impersonation of a doctor's medical practice." (ECF 2 at 6.) Plaintiff does not plead any other facts about the alleged fraud, such as when, where, or how the alleged fraud occurred. Medicaid is a federal program, and such allegations therefore might be a proper basis for an FCA claim. Because the Court dismisses Plaintiff's FCA claims without prejudice on the basis that he cannot proceed *pro se*, nothing in this order prevents Plaintiff from bringing, through counsel, an action with an FCA claim for Medicaid fraud, if appropriate.

**B.      Request to Seal**

Plaintiff seeks to have this matter filed under seal. A party seeking to seal court documents must overcome a strong presumption in favor of public access to judicial records, *see Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006), and "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action," *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

---

[2] Although some courts have stated that a private relator cannot proceed *pro se* under the FCA for lack of standing, other courts characterize the issue "as a matter of statutory construction" under 28 U.S.C. § 1654. *See Santos v. Eye Physicians & Surgeons, P.C.*, No. 3:18-CV-1515 (VAB), 2019 WL 3282950, at *9 (D. Conn. July 22, 2019) (*Mergent Servs.*, 540 F.3d at 93).

Plaintiff's request to seal this action appears to be predicated on the FCA's requirement that complaints filed under the statute "shall be filed *in camera* [and] shall remain under seal for at least 60 days . . . ." 31 U.S.C. § 3730(b)(2). The Court has dismissed Plaintiff's FCA claims, however, and thus there is no longer a statutory basis to shield this action from public view. Moreover, all of the documents that Plaintiff has filed in this action are "judicial documents" to which the public is presumed to have right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access"). The Court therefore denies Plaintiff's request to seal the documents in this action.

## C.     Declining Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). The Court has dismissed the federal claims over which it had original jurisdiction. Plaintiff, however, has invoked the Court's diversity jurisdiction, and the Court therefore considers whether it can exercise diversity jurisdiction of Plaintiff's state law claims.

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Diversity of citizenship is also present when the action is between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), or between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," *id.* § 1332(a)(3). In addition, the plaintiff must allege to a "reasonable probability" that the claim is

in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

For diversity purposes, an individual is a citizen of the State where he or she is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (defining domicile as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning"). A corporation is a citizen of *both* the State or foreign state where it is incorporated *and* of the State or foreign state where it has its principal state of business, *see* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), and a limited liability company takes the citizenship of each of its members. *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Plaintiff indicates in the complaint that he lives in Bronx County, New York (ECF 2 at 2), and he is therefore a citizen of New York. It appears that all defendants are also citizens of New York. Plaintiff alleges that Defendant Carmona lives in Bronx County, New York, and that the NGO has its principal place of business in Bronx County, New York.[3] The only other defendant is the State of New York. Section 1332(a) "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir.

---

[3] The corporate form of the NGO is not entirely clear. If, for example, it were a limited liability company, then it would take the citizenship of its members, and its principal place of business in Bronx County, New York, would not be decisive in determining its citizenship. Even if the NGO is not a New York citizen, the other defendants are New York citizens, and the Court thus does not have diversity jurisdiction. Moreover, it appears that it would be futile to grant Plaintiff leave to amend his complaint to drop Defendants Carmona and the State of New York and replead his allegations of diversity jurisdiction against the NGO because Plaintiff has not pleaded any facts showing that this NGO violated his rights.

2014) (holding that Section 1332 "requires 'complete diversity,' *i.e.*, all plaintiffs must be citizens of states diverse from those of all defendants"). Because all parties are citizens of New York, there is no diversity of citizenship, and Court cannot exercise diversity jurisdiction of this matter.[4]

The Court has dismissed all of the federal claims of which it had original jurisdiction and thus declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Any state law claims that Plaintiff may be asserting are therefore dismissed without prejudice to his refiling them in an appropriate forum.

**D.     Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff cannot proceed *pro se* with a claim under the FCA, which is the only federal claim he asserts. The facts alleged also show that the Court lacks diversity jurisdiction of this matter. The Court therefore declines to grant Plaintiff leave to amend his complaint. If, however, Plaintiff obtains counsel, he may move

---

[4] The amount in controversy also appears to be well under the $75,000 jurisdictional minimum.

within 60 days of the date of this order to reopen this action to replead his FCA claim for alleged Medicaid fraud.

## CONCLUSION

Plaintiff's request to file this action under seal is denied. Plaintiff's claims under the False Claims Act are dismissed without prejudice because he cannot prosecute such claims *pro se*. The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of any state law claims that Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 27, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge